# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:14-cv-00951-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (DOC. 1) AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on June 19, 2014.

    I.  <u>Screening the Petition</u>

    The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule

1

1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).

Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.  The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Failure to Exhaust Administrative Remedies

Petitioner alleges that he is in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary at Atwater, California, serving a criminal sentence.  He challenges a disciplinary finding dated on or about April 25, 2013, that he refused to obey an order.  The only claim for relief set forth in the petition is that in the course of the disciplinary proceedings, Petitioner was denied his due process right to call witnesses as recognized in Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Petitioner alleges he administratively appealed from the disciplinary finding and received a decision at the BP-10 level denying his claim based on a finding that he did not request witnesses.  Petitioner then submitted his claim on the BP-11 level on an unknown date with a memorandum from the chairperson of his unit disciplinary committee stating that Petitioner had indeed requested staff witnesses.  (Pet., doc. 1, 1-7.)  Petitioner admits he has not received a decision at the BP-11 level and that his administrative appeal is pending.  (Id. at 3.)

As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241.  Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  The exhaustion requirement applicable to petitions brought pursuant to § 2241 is judicially created and is not a statutory requirement; thus, a failure to

3

1  exhaust does not deprive a court of jurisdiction over the
2  controversy.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990),
3  <u>overruled on other grounds,</u> <u>Reno v. Koray</u>, 515 U.S. 50, 54-55
4  (1995).  If a petitioner has not properly exhausted his or her
5  claims, a district court in its discretion may either excuse the
6  faulty exhaustion and reach the merits, or require the petitioner to
7  exhaust his administrative remedies before proceeding in court.
8  <u>Brown v. Rison</u>, 895 F.2d at 535.

9      Factors weighing in favor of requiring exhaustion include
10 whether 1) agency expertise makes agency consideration necessary to
11 generate a proper record and reach a proper decision, 2) relaxation
12 of the requirement would encourage the deliberate bypass of the
13 administrative scheme, and 3) administrative review is likely to
14 allow the agency to correct its own mistakes and to preclude the
15 need for judicial review.  <u>Noriega-Lopez v. Ashcroft</u>, 335 F.3d 874,
16 880-81 (9th Cir. 2003) (citing <u>Montes v. Thornburgh</u>, 919 F.2d 531,
17 537 (9th Cir. 1990)).

18     Exhaustion may be excused if the administrative remedy is
19 inadequate, ineffective, or if attempting to exhaust would be futile
20 or would cause irreparable injury.  <u>Fraley v. United States Bureau</u>
21 <u>of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993); <u>United Farm Workers of</u>
22 <u>America v. Arizona Agr. Emp. Rel. Bd.</u>, 669 F.2d 1249, 1253 (9th Cir.
23 1982).  Failure to exhaust administrative remedies may be excused
24 where an official policy of the BOP requires denial of the claim.
25 <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045-46 (9th Cir. 2012).

26     Here, it is unclear whether Petitioner's claim relates to the
27 legality or duration of his confinement because the sanctions
28 suffered by Petitioner are not set forth in the petition.

4

However, even assuming for the purpose of further analysis that Petitioner's claim is properly brought in a petition pursuant to 28 U.S.C. § 2241, the petition should be dismissed. Petitioner admits that his claim, supported by evidence relating to the merits of his claim, is pending in the later stages of the administrative appeal process.[1] Agency consideration of Petitioner's appeal will generate a proper record, and the agency will review the matter and reach a proper decision, precluding the need for judicial review. Further, the Court is mindful that relaxation of the exhaustion requirement would encourage the deliberate bypass of the administrative remedy scheme. There is also nothing before the Court that indicates that administrative remedies would be futile or would cause any irreparable injury, or that administrative exhaustion should be excused.

When a petitioner in a proceeding pursuant to § 2241 does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused. Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). Here, the Court will dismiss the petition without prejudice to refiling after complete exhaustion of administrative remedies.

///

---

[1] The BOP has established an administrative remedy program which requires an inmate to proceed through a four-level review process: 1) an attempt at informal resolution with institutional staff (BP 8); 2) a formal written administrative remedy request to the Warden (BP 9); 3) an appeal to the BOP Regional Director (BP 10); and 4) an appeal to the BOP General Counsel (BP 11). 28 C.F.R. §§ 542.13-542.15. An appeal to the General Counsel is the final administrative remedy. 28 C.F.R. § 542.15(a).

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED for failure to exhaust administrative remedies; and

2) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 1, 2014**                              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

6